**SHOTWELL et al. v. MEREDITH, Mayor, et al.**

Court of Appeals of Kentucky.

March 6, 1953.

Joe S. Feather, Williamsburg, H. M. Sutton, Corbin, for appellants.

H. H. Owens, Barbourville, for appellees.

CLAY, Commissioner.

This is a suit for a mandatory injunction to require certain officials to remove a plaque from a cornerstone of a hospital building. Its placement there had screened from view appellants' names which were inscribed in the stone. The Chancellor sustained a general demurrer to the petition and it was dismissed.

Appellants alleged that they were duly elected, qualified and acting commissioners of the City of Corbin from January 1950 until January 1952; that during such period they, with the mayor, acted as the legislative body of the city; that under their administration plans for the hospital were completed and construction was begun; that before the end of their terms dedicatory services were held at the site of the hospital; that a cornerstone was then laid on which their names were inscribed; and that "said building was duly dedicated to these men as representatives of the citizens, residents, and people of Corbin, Kentucky".

Appellants further alleged that the succeeding board of commissioners, by resolution, directed that appellants' names should not appear on the hospital building; that as a result of this resolution the trustees of the hospital placed a dated plaque over the cornerstone; and thereby their names were covered and hidden from public view. The objective of the suit is to have the plaque removed so that their names will again be manifest.

Appellants' theory is that by virtue of long custom and usage it was proper for them to inscribe their names on the public building, and that the acts of the defendants constituted an unlawful taking of their property, "a destruction of their honor and integrity without due process of law", and "an unlawful invasion of their private lives".

In this unique case neither side cites any pertinent authority and we have been able to find none. We agree with appellants that a proper decision hinges upon their right to place their names on the cornerstone. This being the issue, the Chancellor correctly decided it.

The petition fails to allege that appellants' names were enscrolled or inscribed on the cornerstone by any authority. They do not allege the legislative body, of which they were then members, by any official act ordered their names placed thereon, nor do they allege the contract with the contractor

required him to make or install such a cornerstone, nor do they allege any other authority or recognizable right. Apparently the cornerstone was inscribed at the direction of one or more of appellants or at the direction of some other individual acting entirely on his own initiative. Any other citizen who could have persuaded the contractor to make the inscription of his own name would stand in the same position as appellants.

We do not undertake to decide under what circumstances and upon what conditions appellants could acquire a right to have their names inscribed upon a public building, nor whether or not some official body might later be authorized to have such inscription removed. It is clear, however, that in this case the building was not dedicated to them as individuals or as representatives of the public by any legal authority. Therefore, they have no standing in court to compel others either to create or maintain such form of dedication.

The judgment is affirmed.